Waite, Schindel & Bayless and Herbert Shaffer, Cincinnati, for plaintiff in error.

Harry H. Friedman and Jacob S. Hermann, Cincinnati, for defendant in error.

## DAVIS CABS, Inc v EVANS

Ohio Appeals, 1st Dist, Hamilton Co

Decided February 29, 1932

HAMILTON, J.

The right to maintain the action in this state was conceded, since the law of Kentucky provided that the negligence alleged is an actionable wrong in that state.

Several specifications of error are presented in the petition in error and the briefs, but the main question argued is the claim of error of the court in the general charge to the jury. This claimed error is based on the following part of the general charge:

"Now the law of the State of Kentucky reads as follows:

'No operator of a vehicle upon a public highway shall drive at a greater speed than is reasonable or proper, having regard for the traffic and use of the highway, provided that, where a highway passes through the residence portion of any city or town or around any sharp curve or any steep grade in or outside of said city or town, if the rate of speed of passing automobiles exceeds thereon 20 miles an hour, it shall be **prima facie** evidence of unreasonable and improper driving'."

The Court thereupon proceeded to apply the law of Kentucky on the question of **prima facie** evidence to be considered by the jury.

It is claimed and argued with great force and with much supporting authority that the court erred in submitting the Kentucky law; that the question being one of evidence, the **lex forum** is applicable; that questions of evidence and the weight thereof and the burden of proof all are remedial questions and not substantive law, and, therefore, the application of the Kentucky law on the question of evidence instead of the **lex forum** constituted reversible error.

It is argued in the brief of defendant in error that such a law as in question here involves a substantive matter and this being so, the principle of **lex loci actus** applies, and, therefore, the court was correct in submitting the Kentucky law to the jury. Counsel cites some supporting authorities for the proposition.

Generally, admissibility of evidence is de-

termined by the rules of the forum. The question here is:—When evidence is offered, is the trial court ever required in determining its admissibility to set aside temporarily the rules of the forum and look to some foreign law for the rules of admissibility?

Professor Wigmore in his treatise on "Evidence", under "Conflict of Laws", observes:

"Here, two opposing principles compete for favor in the realm of international practice,—the principle of the **'lex loci actus'** and that of the **'lex fori'**. The former—the rule of the place of the act to be proved—finds its principal champions among French jurists; the latter—the rule of the place of the trial—has long been the fixed tradition of Anglo-American law.

"The **'lex fori'** is in Anglo-American practice deemed determinative, on the general principle that procedure is governed by the rules of the forum; and the law of Evidence is a part of the law of Procedure."

In support of this proposition the author cites Yates v. Thompson, 3 Cl. & F. 544, 587, decision in 1835 by Lord Brougham as the leading case.

In 1878, at the Institute of International Law, the French rule was recommended, but was rejected by the Anglo-American members, and the author lays down the rule heretofore stated as the Anglo-American rule.

The rule briefly is: The law of evidence is remedial and a part of the law of procedure and procedure is governed by the rules of the forum. This rule is pronounced by many decisions in the several states and by the law writers.

However, we are not required to go out of the State of Ohio, since the rule has been pronounced by the Supreme Court of the State of Ohio.

In the case of **Pennsylvania Co v McCann, 54 Oh St, 10,** at page 17 of the opinion, Bradbury, Judge states: "The rules of evidence pertain to the remedy."

The case of **Heaton v Eldridge & Higgins, 56 Oh St, 87,** is in point and pertinent to the question here. The second paragraph of the syllabus is as follows:

"Sec 4199, of the Revised Statutes, prescribes a rule of procedure to be observed by courts whose jurisdiction is invoked for the enforcement of contracts to which the statute relates; and the mode and measure of proof required by the statute are indispensable to the establishment of such agreements, wherever they may have been made."

In the opinion the court say:

"both sections (referring to the statutes of frauds) prescribe rules of evidence which courts, where the remedy is sought, are required to observe."

Further, in the opinion, the court say:

"When the required evidence is lacking, the courts must refuse the enforcement of the contract. And it seems clear, that such a statutory regulation prescribing the mode or measure of proof necessary to maintain an action or defense, pertains to the remedy, and constitutes a part of the procedure of the forum in administering the remedy."

While the case under consideration is a tort case, it, like the above case, involves evidentiary statutes.

See also: **Hesse, Admx v Railroad Co, 58 Oh St, 167; Railway Co v Erick, 51 Oh St, 146.**

The statute of Kentucky in question admitted in the proof and submitted by the court in its general charge provides a rule of **prima facie** evidence and pertains to the remedy. There is no basis upon which the provision could be considered as substantive law; it is procedural.

The statute prescribes a measure of proof to present **prima facie** unreasonable and improper driving. It was, therefore, the duty of the trial court as a part of the procedure of the forum to submit the Ohio rule on the question.

Without extending this discussion further, we are of opinion that the trial court erred in submitting the Kentucky statute. It should have submitted the Ohio statute which is §12,603 GC.

It is suggested that the statute of Kentucky which regulates the speed of motor vehicles on the public highways, if not to be submitted in the trial of this case, neither should the statute of Ohio regulating the operation of motor vehicles on the highways have been submitted. That since the accident happened in Kentucky, the statute law of Ohio would have no application. This proposition is answered in the case of **Pennsylvania Co v McCann, supra,** in which case the court was considering the application of an Ohio statute, which provided that when certain defects in railroad equipment was made to appear "the same shall be **prima** facie evidence of negligence on the part of such corporation." The injury occurred in Pennsylvania and suit was brought in Ohio. The first paragraph of the syllabus in that case is:

"The general assembly of this state has authority to prescribe the circumstances that shall constitute **prima facie** evidence of a fact in issue in an action on trial in the courts of this state, whether the cause of action to which it relates arose within or without the territorial limits of the state."

Again, in the case of **Heaton v Eldridge & Higgins supra,** it is stated in the third paragraph of the syllabus:

"An agreement which, by its terms, is not to be performed within one year from the time it was made, will not be enforced in this state, unless the agreement, or some memorandum or note thereof is in writing, and signed by the party to be charged or by some person authorized by him in another state or country where it was competent to prove the same by parol evidence."

The court did apply the Ohio statute of frauds as to method of proof, notwithstanding the contract was made in a foreign state, which permitted proof by parol evidence.

The provision of the statute of Ohio applicable should have been the rule submitted to the jury. Under these considerations the question then arises as to whether or not the giving of the Kentucky law instead of the Ohio law was prejudicial to the defendant, plaintiff in error here.

The pertinent portions of §12,603 GC are as follows:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, * * *
"It shall be **prima facie** lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following:
"Twenty miles per hour in the business or closely built-up portions of a municipal corporation * * *
"It shall be **prima facie** unlawful for any person to exceed any of the foregoing speed limitation. * * *"

The rule has been declared many times by the Supreme Court of Ohio that the violation of the state law constitutes negligence **per se** in a tort action. In considering the statute in question the court has repeatedly held that a violation of that law is negligence **per se.** See: **Chesrown v Bevier, 101 Oh St 282; Schneiderman, etc v Sesanstein, 121 Oh St 80.**

It is apparent, therefore, that the Ohio law provides a more drastic rule of evidence in negligence cases than does the Kentucky law.

The regulation of the speed mileage is the same in both states. Had the court given the proper rule, it would have stated to the jury in substance, if the defendant was guilty of operating the cab at a speed of more than twenty miles per hour in the business or closely built-up portion of the City of Dayton, Kentucky, it was operating the cab at a **prima facie** unlawful speed, and if you find that the defendant was operating the cab in violation to this provision of the statute, it was guilty of negligence **per se.** Any conflict in the law charged and that which should have been charged favored the defendant. How then can it be said that the defendant, plaintiff in error here, was prejudiced by giving the Kentucky rule? Had the court used the word "Ohio" in its charge in place of "Kentucky," it would have submitted to the jury a milder rule of evidence to establish liability than the proper Ohio rule required. No prejudicial error therefore resulted to the defendant in the submission of the Kentucky rule instead of the Ohio rule.

There are other propositions of error presented which are not substantial.

Finding no prejudicial error in the record, the judgment is affirmed.

ROSS, PJ and HAMILTON, J, concur.